GEORGE MARKOWSKI, Respondent, *v.* JOSEPH KACINSKI and MAMIE KACINSKI, Appellants.

*Equity — cancellation of deed — fraud and deceit — failure to understand contract.*

Appeal by the defendants from a judgment of the Supreme Court, entered in the Schenectady county clerk's office September 14, · 1916, upon a decision of the court in favor of the plaintiff after a trial before the court without a jury.

Judgment affirmed, with costs. All concurred, except Cochrane, J., dissenting in opinion in which Woodward, J., concurred.

COCHRANE, J. (dissenting): The plaintiff executed to the defendants a deed of a farm. They assumed in the deed the payment of a mortgage then on the farm for $500, and executed to the plaintiff a bond and mortgage thereon for $500. A contemporaneous agreement in writing was executed and delivered to the plaintiff which after reciting that the farm was worth at least $3,000, and that the plaintiff was conveying the farm to the defendants who were the son-in-law and daughter, respectively, of the plaintiff, and that the plaintiff was only charging them $1,000 for the farm, continued as follows: " Therefore, In consideration of the said party of the first part conveying said farm to the said parties of the second part for such small consideration as is stated above the said parties of the second part hereby agree to give shelter to the said party of the first part and further agree to support and maintain the said party of the first part throughout his natural life, as long as the said party of the first part remains unmarried, provided said party of the first part shall be out of employment or shall become physically or mentally unable to be employed in his present vocation." The object of this action is to have it determined that the said deed is void and should be canceled because of deceitful and fraudulent representations made to the plaintiff by the defendants. There is no finding by the trial justice of any fraud or deceit or overreaching or unfair conduct on the part of the defendants, and in the absence of such a finding the judgment is without foundation. Mere failure to understand a contract does not in itself constitute grounds for equitable intervention. The court cannot relieve a party from the effects of an improvident contract merely because he subsequently repents of his improvidence. The specifications of fraud in the complaint are two-fold — that the defendants promised to pay the plaintiff $1,000 in addition to the mortgage then on the farm, and that there was no condition that he was to receive support and maintenance only if he remained unmarried. In respect to the latter alleged ground of fraud the plaintiff testified explicitly that the agreement was that he was to have his support and maintenance only in case he remained unmarried. About two months after the agreement was made he married, and this fact apparently has been productive of this litigation. As to the alleged promise to pay $1,000 instead of $500, it may be said that if the plaintiff's contention in this respect is well founded the defendants are still indebted to him for a part of the unpaid purchase price of the farm and the plaintiff has an equitable lien therefor on the farm which is enforcible. But the testimony of the plaintiff to the effect that he was to be paid $1,000 in addition to the existing mortgage on the farm is vague, unsatisfactory and unconvincing. It is denied by the defendants and the attorney who drew the papers and a perusal of the testimony satisfies us that there was no circumvention of the plaintiff in the transaction. The plaintiff is illiterate, a foreigner by birth, and cannot read or write, but he gave his age as fifty years, and there is no claim of enfeebled mentality. The burden is on the plaintiff to establish fraud. The defendants held no fiduciary relationship toward the plaintiff nor were the circumstances such as to indicate that

they did not deal on terms of equality with him or that they exercised over him an overmastering influence or that they dominated his will, or that he reposed dependence or trust in them such as to shift the burden of proof to them or raise the presumption of constructive fraud. (*Cowee* v. *Cornell,* 75 N. Y. 91, 99.) The judgment, therefore, should be reversed. Woodward, J., concurred.